SARAH KROLL-ROSENBAUM (SBN 272358)
skroll-rosenbaum@constangy.com
MATTHEW SCHOLL (SBN 301560)
mscholl@constangy.com
NANCY SOTOMAYOR (SBN 312022)
nsotomayor@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
AMN SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WOEHRLE, on behalf of herself and others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>AMN SERVICES, LLC a California Limited Liability Company; PROVIDENCE HEALTH SYSTEM-SOUTHERN CALIFORNIA, a California Corporation; an individual, and DOES 1-20 inclusive,<br><br>          Defendants. | Case No. 2:19-cv-05282<br><br>**DECLARATION OF SARAH KROLL-ROSENBAUM IN SUPPORT OF AMN SERVICES, LLC'S NOTICE OF REMOVAL**<br><br>**[Class Action Fairness Act of 2005]** |

I Sarah Kroll-Rosenbaum, declare as follows:

1.     I am a partner at the law firm Constangy, Brooks, Smith & Prophete, LLP, attorneys of record for AMN Services, LLC ("AMN"), a defendant in the above-captioned lawsuit.  I am admitted to practice in the State of California and

1

DECLARATION OF SARAH KROLL-ROSENBAUM ISO NOTICE OF REMOVAL

the United States District Court for the Central District of California. I have first-hand knowledge of the facts set forth herein and if called as a witness in this matter, could and would testify truthfully to the facts set forth herein.

2. On or about May 2, 2019, Plaintiff Sara Woehrle ("Plaintiff") commenced the instant action against AMN and Providence Health System-Southern California ("Providence") in the Superior Court of California, County of Los Angeles, titled *Sara Woehrle v. AMN Services, LLC, et al.*, Case No. 19STCV15213. That same day, this action was assigned to Judge Daniel J. Buckley. Copies of the Summons, Complaint, Civil Cover Sheet, and Notice of Case Assignment were served on AMN on or about June 7, 2019. Attached hereto as Exhibit A is a true and correct copy of the Summons, Complaint, Civil Cover Sheet, and Notice of Case Assignment served on AMN.

3. On May 28, 2019, the Los Angeles County Superior Court entered a Minute Order designating this action as complex and setting an Initial Status Conference for August 2, 2019. That same day, the Court also entered an Initial Status Conference Order. Attached hereto as Exhibit B and Exhibit C, respectively, are true and correct copies of the Minute Order and Initial Status Conference Order entered on May 28, 2019.

4. As of the filing of this Removal, AMN has not answered the Complaint, and AMN is unaware as to whether co-Defendant Providence has been served with the Complaint.

5. Exhibits A through C constitute all "process, pleadings, and orders" filed thus far in this action, as required by 28 U.S.C. § 1446(a). Attached hereto as Exhibit D is a true and correct copy of the Los Angeles County Superior Court's electronic docket and register of action for this matter, current through June 17, 2019.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best

DECLARATION OF SARAH KROLL-ROSENBAUM ISO NOTICE OF REMOVAL

of my knowledge and belief and that this declaration was executed this 17th day of June, 2019 at Atlanta, Georgia.

/s/Sarah Kroll-Rosenbaum
SARAH KROLL-ROSENBAUM

DECLARATION OF SARAH KROLL-ROSENBAUM ISO NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMN SERVICES, LLC, a California Limited Liability Company; ~~and~~
Additional Parties Attachment form is attached.    JG.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARA WOEHRLE, on behalf of herself and others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lovo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, California 90012

CASE NUMBER
*(Número del Caso):* **19STCV15213**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nazo Koulloukian - Koul Law Firm, 3435 Wilshire Blvd., Ste. 1710, Los Angeles, CA 90010; (213) 761-5484

DATE: MAY 02 2019
*(Fecha)* ~~MAY 0 2 2019~~        SHERRI R. CARTER Clerk, by _____, Deputy
*(Secretario)*                                                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Woehrle v. AMN Services, LLC et. al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

PROVIDENCE HEALTH SYSTEM–SOUTHERN CALIFORNIA, a California Corporation; an individual, and DOES 1-20, inclusive

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Original

**KOUL LAW FIRM**
Nazo Koulloukian, Esq. [SBN 263809]
3435 Wilshire Boulevard, Suite 1710
Los Angeles, California 90010
Telephone: (213) 761-5484
Fax: (818) 561-3938
nazo@koullaw.com

**SHAKOURI LAW FIRM**
Ashkan Shakouri, Esq. [SBN 242072]
11601 Wilshire Blvd., Fifth Floor
Los Angeles, California 90025
Telephone: (310) 575-1827
Fax: (310) 575-1872
ash@shakourilawfirm.com
*Attorneys for Plaintiff and the Proposed Classes*

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lovo

**BY FAX**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### SUPERIOR COURT OF LOS ANGELES

| | |
|---|---|
| SARA WOEHRLE, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AMN SERVICES, LLC, a California Limited Liability Company; PROVIDENCE HEALTH SYSTEM–SOUTHERN CALIFORNIA, a California Corporation; an individual, and DOES 1-20, inclusive<br><br>Defendants. | Case No: **19STCV15213**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. FAILURE TO PROVIDE REPORTING TIME PAY OVERTIME;<br><br>2. FAILURE TO PAY FOR ALL HOURS WORKED;<br><br>3. FAILURE TO PAY OVERTIME;<br><br>4. FAILURE TO PAY MINIMUM WAGE;<br><br>5. FAILURE TO AUTHORIZE OR PERMIT MEAL BREAKS;<br><br>6. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;<br><br>7. WAITING TIME PENALTIES; and<br><br>8. UNFAIR BUSINESS PRACTICES<br><br>[AMOUNT DEMANDED EXCEEDS $25,000.00] |

CLASS ACTION COMPLAINT
1

Plaintiff Sara Woehrle ("Plaintiff"), individual, on behalf of herself and all others similarly situated, as defined below, hereby allege the following facts and claims against AMN Services LLC, a California limited liability Company ("AMN"); Providence Health System–Southern California, a California Corporation ("Providence") and respectfully requests a trial by jury of all issues and causes of action so triable. Unless otherwise specified, AMN, Providence, and Does 1-20 will collectively be referred to as "Defendants".

## INTRODUCTION

1.    This class action complaint challenges Defendants' past and ongoing unlawful employment practices and policies on behalf of Plaintiff and other similarly situated former and current employees of Defendants, whose rights Defendants violated and continue to violate under California laws.

2.    Specifically, as to Plaintiff and others similarly situated, Defendants have uniformly and systematically:

a.    Failed and continue to fail to provide reporting time pay in violation of Industrial Welfare Commission Wage Orders 4 and 5 ("Applicable Wage Orders");

b.    Failed and continue to fail to pay for all hours worked in violation of Labor Code §§ 200, 223, 226, 500, 1197 and 1198 and the Applicable Wage Orders;

c.    Failed and continue to fail to pay overtime wages for all overtime hours worked in violation of Labor Code §§ 510 and 1194 and the Applicable Wage Orders;

d.    Willfully Failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 & 1197 and the Applicable IWC Wage Orders;

e.    Failed and continue to fail to authorize or permit meal periods in violation of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders;

f.    Failed and continue to fail to timely furnish complete and accurate itemized wage statements in violation of Labor Code § 226 and the Applicable Wage Orders;

g.    Willfully failed to pay, without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 and 202 and in violation of Labor Code § 203; and

h.    Committed and continue to commit unfair business practices in violation of Business & Professions Code § 17200, et seq.

3.    The acts complained of herein occurred and will occur, at least in part, within the time-period of four (4) years preceding the filing of the original Complaint, up to and through the time of trial.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Defendants because they are corporations, entities or persons with sufficient minimum contacts in California, because they are citizens of California, and/or because they intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and justice.

5.    Pursuant to Code of Civil Procedure § 395(a) venue is proper in this County since at least some of the acts and omissions that are the subject matter of this Complaint occurred herein and/or each Defendant either is found, maintains offices, transacts business, exists and/or has an agent herein.

## PARTIES

6.    At all relevant times mentioned herein, Plaintiff was a licensed nurse and a resident of the State of Georgia.

7.    Upon information and belief, Providence is, and at all relevant times mentioned herein was, a California corporation and duly authorized to do business herein, and primarily provides patient services at its owned, controlled and/or operated hospitals, medical centers, urgent and occupational care centers, imaging centers, primary care clinics and other kinds of healthcare facilities inside California. One of those medical centers is the Little Company of Mary Torrance located in Torrance, California. Upon information and belief, during the applicable recovery period, Providence has also owned, operated and/or controlled other facilities inside California, including, but not limited to, Providence Tarzana Medical Center, Providence Saint Joseph Medical Center, Providence Saint John's Health Center, Providence Little Company of Mary San Pedro, and Providence Holy Cross Medical Center.

8.      Upon information and belief, AMN is an employment staffing agency and is, and at all times herein mentioned was, a California corporation with its principal place of business in California and duly authorized to do business herein. In particular, AMN employs, compensates and assigns healthcare professionals to work at various kinds of healthcare facilities throughout California, including those owed, operated and/or controlled by Providence.

9.      The true names or capacities, whether individual, associate or otherwise, of Does 1-20, inclusive, are unknown to Plaintiff and, therefore, Plaintiff sues these Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. Upon information and belief, each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

10.     Upon information and belief, Plaintiff alleges that at all relevant times each Defendant was the principal, agent, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of each of them.

11.     Upon information and belief, Plaintiff alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each Defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## GENERAL ALLEGATIONS

### I.      Defendants Are Joint Employers

12.     AMN hired, paid and assigned Plaintiff to work for Providence at Little Company of Mary Torrance as a non-exempt, hourly-paid traveling nurse for an approximately 13-week

assignment starting on January 7, 2019 and ending on April 6, 2019. Plaintiff was assigned to work three 12-hour shifts per workweek.

13.    Pursuant to her "Professional Services Agreement", Plaintiff was promised $28 an hour, and "up to $1,603.44/week per diem [which] may be adjusted based on number of shifts missed." In particular, AMN promised to pay Plaintiff $101.92 per day to reimburse her for "lodging" expenses and another $50.00 per day to reimburse her for her "meals and incidentals".

14.    On or about February 21, 2019, Providence terminated Plaintiff because it was unsatisfied with her performance. Besides exercising the right to terminate Plaintiff, Providence had the right to and did exercise other forms of control over Plaintiff during the time she worked there. Among other things, Providence assigned Plaintiff's job duties; directly supervised her work; required her to work on an hourly basis; set her work schedule; trained her; evaluated her job performance; required her to obtain their prior approval for any absences and/or vacation time; compelled her to perform her duties on its premises; prohibited her from working from home; and required her to under various kinds of screenings, including drug testing. Moreover, while working there, Plaintiff performed healthcare services for Providence, which is the same kind of service Providence provides as part of its own usual course of business. Thus, Plaintiff was jointly employed by both Defendants under California law.

15.    Upon information and belief, during the applicable recovery period, Providence was also a joint employer of other AMN employees assigned to work for it inside California because Providence had the right to and did exercise control over them in a manner similar to the kind of control it had the right to and did exercise over Plaintiff and because, like Plaintiff, other AMN employees performed healthcare services that Providence provides as part of its own usual course of business.

II.    Defendants' Failure to Provide Reporting Time Pay

16.    Pursuant to the Subsection 5(A) of the Applicable Wage Orders, an employee is entitled to reporting time pay if that employee is required to report to work and does report but is not put to work or is furnished less than half of said employee's usual or schedule workday.

The amount of reporting time that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay…" Id.

17. During the applicable recovery period, Providence has had a policy and/or practice of calling AMN employees assigned to work a regular shift off work by establishing contacting with them in a unreasonably short period of time prior to the start of their shift (i.e. no more than 3-hour prior notice) to inform them that they are not needed for that shift due to, among other reasons, "low census" caused by fluctuations in patient volumes at its facilities. Defendants do not provide any reporting time pay to AMN employees who are called off work despite the fact that Defendants, under the threat of discipline up to and including termination, require these employees to be available prior to the start of their scheduled shift so that Providence can establish contact with them and to be at work at the start of their scheduled shift if Providence does not call them off work.

18. During the applicable recovery period, Providence has also had a policy, and/or practice of establishing contact with AMN employees prior to the start of their scheduled shift to inform them to come in to work later than the start of their shift, only to establish contact with them once again to inform them that they are not needed at all for that shift.

19. AMN employees are required to report to work by making themselves available so that Providence can establish contact with them by phone and let them to know that they are being called off work. By requiring AMN employees to be available so that it can establish contact with them, Providence necessarily prevent these employees from engaging in activities during that time that are incompatible with responding to phone calls, such as sleeping, showering, watching a movie, taking a class, working another job, or being in an area without phone service. Moreover, if Providence attempts to call an employee off work but that employee does not respond to its call and thus (mistakenly) shows up to work, Providence turns that employee away and does not allow them to work that shift. Thus, Providence further compels AMN employees to be available for contact because if AMN employees fail to respond to its call-off notifications,

they will waste time getting ready for and commuting to work when they are not needed–and will not get paid–for that shift.

20. During her time at Little Company of Mary Torrance, Plaintiff was subject to this call-off practice. As way of example, on January 31, 2019, Providence telephonically contacted Plaintiff less than 2 hours period to start of her scheduled shift informing her that she was not needed for that shift because of "low census" at its facility. Then, on February 6, 2019, Providence again telephonically contacted Plaintiff less than 2 hours period to start of her scheduled shift, this time informing her that she was not needed for the first four hours of her shift due to a "low census", but that she was required to be at work at the start of the fifth hour of her shift, only to call her back again shortly before the start of that fifth hour to tell her that she was not needed at all for that shift. On both of these occasions, Defendants did not provide Plaintiff any reporting time pay under the Applicable Wage Orders.

21. The consequences of this call-off practice, include at a bare minimum: (1) inhibiting the employees' ability to look for or obtain other employment; (2) requiring employees who are parents to arrange child care for their children even though they might ultimately not have to work or only work part of the workday; and (3) inhibiting employees' ability to plan activities on days they are not working or only partially working, such as committing to social plans.

22. The reporting time provision of the Applicable Wage Orders were meant to safeguard against unpredictable work schedules that understandably take a toll on affected employees. Without the security of definite work schedules, employees are forced to make childcare arrangements, eldercare arrangements, encounter obstacles in pursuing their education, experience adverse financial effects, and deal with the stress and strain on their family life. The call-off practice also interferes with employees' ability to obtain other employment in order to ensure financial security for their families.

CLASS ACTION COMPLAINT

7

II.    **AMN's Failure to Take "Per Diem" Benefits into Account in Determining Overtime Rates**

23.    Under Labor Code § 200, "wages" consist of "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, including hourly earnings, salary, piece work earnings, commissions, certain bonuses, and the value of meals and lodging.

24.    During the applicable recovery period, AMN has a had policy and/or practice of adjusting per diem payments it promises to its employees, including lodging, meal and/or incidental payments, based on number of hours or shifts they work in a given workweek. In particular, when AMN employees do no work the minimum number of hours or shifts per week that AMN requires of them, AMN deducts from their pay a proportional amount of their promised per diem payments based on the number of hours or shifts they missed that workweek. Thus, AMN's promised per diem payments are not intended to actually or reasonably reimburse its employees for their lodging, meal and/or incidental expenses, but in fact are a form of disguised wages. This is made evident by Plaintiff's $28 an hour rate of pay, which is far below the hourly market rate paid to licensed nurses in California.

25.    Despite the fact that the amount of the promised per diem payments are based upon, and vary with, the number of weekly hours or shifts worked by its employees, during the applicable recovery period AMN has had a policy and/or practice of not including the value of these per diem payments, including lodging, meals and/or incidentals, whether paid in cash or in kind, in its employees' regular rates of pay for the purposes of calculating their overtime or double-time pay.

26.    During the applicable recovery period, AMN has had a policy and/or practice of adjusting per diem payments promised to its employees, including Plaintiff, even when they *are able and ready to work their assigned shift* but are called off work by their assigned facilities due to, among other reasons, "low census". Therefore, AMN cuts per diem payments it promises to

its employees even when the reduction of hours or shifts worked by them is outside of their control and thus not their fault. This practice does, however, benefit AMN in that it allows AMN to meet its contractual obligations to its clients by having a sufficient supply of its employees ready to work at its clients' facilities on an "as needed" basis without having to reimburse its employees for the actual or reasonable per diem expenses they incur on their called-off days.

### III.   AMN's Failure to Pay for All Hours Worked

27.   During the applicable recovery period, AMN has had a policy and/or practice of requiring its employees, including Plaintiff, to attend training/orientation courses (or modules), some of which are client-specific, without compensating them for such time. For instance, AMN required Plaintiff to take and complete the following online modules that were specific to Providence without pay: "Providence Health & Services: Integrity, Compliance, Privacy & Security (2016)"; and "Providence-CA Health System Orientation' Providence: Health and Services: Private Encounters". Under California law, the time spent attending these training/orientation courses is compensable because, among other things, they are not voluntary and are directly related to employees' jobs as they are designed to make employees handle their jobs more effectively as opposed to training them for another job or a new or additional skill.

28.   During the applicable recovery period, AMN has had a policy and/or practice of shaving time off its employees' worked time, including time worked by Plaintiff, which has consistently resulted in underpayments to them, including overtime payments. For instance, Plaintiff's written time sheets reflect that she routinely worked 5 minutes or more per shift than she was paid, resulting in approximately an hour of unpaid overtime to her during her approximately month-and-a half tenure at Little Company of Mary Torrance. Upon information and belief, AMN's shaving time policy and/or practice has had a similar unlawful impact on the rights of its other employees in that, over a period of time, AMN has failed to compensate them properly for all the time they have actually worked.

IV.    **AMN's Failure to Authorize or Permit Lawful Meal Breaks**

29.    During the applicable recovery period, AMN has had policy and/or practice of not authorizing or permitting its employees, including Plaintiff, to take lawful meal breaks under California law. For instance, Plaintiff was routinely not authorized or permitted to take an uninterrupted, off-duty 30-minute break for every five-hour work period. Moreover, while Subsections 11(D) of the Applicable Wage Orders permit "[E]mployees in the health care industry who work shifts in excess of eight (8) total hours in a workday [to] voluntarily waive their right to one of their two meal periods" because Plaintiff did not receive a complaint first meal-break, her second meal break, which she was never authorized or permitted to take while working for Defendants, could not have been legally waived under the Applicable Wage Orders.

**CLASS ACTION ALLEGATIONS**

30.    This action is brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382.

31.    Plaintiff reserves the right under California Rules of Court, Rule 1855 (b) to amend or modify the description of the classes, as defined below, with greater specificity or further division into subclasses or limitation to certain issues.

32.    Pursuant to Code of Civil Procedure § 382, this action qualifies as a class action because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

33.    For the purposes of this Complaint, "Class Period" means any time from four years period prior to the filing of this Complaint until the date of class certification.

34.    The putative classes Plaintiff will seek to certify are currently composed of and defined as follows:

**Reporting Pay Class**

35.    All non-exempt employees of AMN who worked at any of Providence's facilities inside California during the Class Period, and who (a) reported to work; (b) were not put to work or were furnished less than half of their usual or scheduled workday; and (c) were not paid for half their usual or scheduled workday.

**Unpaid Time Class**

36.     All non-exempt employees of AMN who worked inside California during the Class Period, and who were not paid for all hours worked.

**Per Diem Class**

37.     All non-exempt employees of AMN who worked inside California during the Class Period, and whose per diem benefits, whether paid in cash or in kind, were adjusted based on hours and/or shifts worked.

**Meal Break Class**

38.     All non-exempt employees of AMN who worked in California during the Class Period, and who were not authorized and/or permitted lawful meal breaks.

39.     Unless otherwise specified, the Reporting Pay Class, Unpaid Time Class, Per Diem Class, and Meal Break Class will be referred to collectively as the "Classes".

40.     **Numerosity**: Pursuant to Code of Civil Procedure § 382, the members of the Classes are so numerous that their individual joinder is impracticable. The precise number of class members and their addresses will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the internet, or published notice.

41.     **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Classes and predominate over any questions that affect only individual members of those Classes. The predominant common questions of law and fact include:

a.     Whether Defendants failed and continues to fail to comply with the reporting time pay under the Applicable Wage Orders;

b.     Whether AMN failed and continues to fail to pay for all hours worked in violation in violation of Labor Code §§ 200, 223, 226, 500, 1197 and 1198 and the Applicable Wage Orders;

c.     Whether AMN failed and continues to fail to pay overtime for all overtime hours worked in violation of Labor Code §§ 510 and 1194 and the Applicable Wage Orders;

d.   Whether AMN failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 & 1197 and the Applicable IWC Wage Orders;

e.   Whether AMN failed and continue to fail to authorize or permit lawful meal breaks in violation of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders;

f.   Whether Defendants failed and continue to fail to timely furnish complete and accurate itemized wage statements in violation of Labor Code § 226 and the Applicable Wage Orders;

g.   Whether Defendants willfully failed to pay, without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 or 202 and in violation of Labor Code § 203; and

h.   Whether Defendants committed and continues to commit unfair business practices in violation of Business & Professions Code §17200, et seq.

42.   **Typicality**: Plaintiff's claims are typical of the claims of the members of the Classes they seek to represent because Plaintiff, as employees of Defendants, were exposed and subjected to the same unlawful business practices as the other members of the Classes. Plaintiff and the members of the Classes she seeks to represent sustained the same types of damages and losses.

43.   **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's attorneys have experience in employment and class action matters and may adequately represent the class in this matter. Plaintiff has no adverse interests to those in the Classes.

44.   **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each of the Classes is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The relatively minor amount of individual damages in question coupled with

the expenses and burdens of individual litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

### [FAILURE TO PROVIDE REPORTING TIME PAY]

**(Plaintiff and the Reporting Time Class Against Defendants and Does 1-20)**

45.    Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

46.    The Applicable Wage Orders provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

47.    At all times relevant hereto, Providence required Plaintiff and the Reporting Pay Class to report to work within 3 hours prior to the start of their assigned shift by making themselves available so that Providence could establish contact with them and notify them about getting called off work. If Plaintiff and the Reporting Pay Class were called off worked because, among other reasons, their assigned facilities had a "low census" during their regular shift, then Defendants did not provide the reporting time pay to Plaintiff or the Reporting Pay Class.

48.    As a direct and proximate result of the Defendants' actions as set forth herein, Plaintiff and the Reporting Pay Class have been damaged in that they have not been paid the reporting time pay required under the Applicable Wage Orders.

## SECOND CAUSE OF ACTION

### [FAILURE TO PAY ALL HOURS WORKED]

### (Plaintiff and the Unpaid Time Class Against AMN and Does 1-20)

49.    Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

50.    At all times relevant hereto, AMN was required to compensate its hourly employees for all hours worked pursuant to the Applicable Wage Orders and Labor Code §§ 200, 223, 226, 500, 510, 1197 and 1198.

51.    At all times relevant hereto, AMN failed to compensate Plaintiff and the Unpaid Time Class for all hours worked by not compensating them for their work.

52.    Under the Applicable Wage Orders, statutes, and regulations, Plaintiff and the Unpaid Time Class are entitled to recover compensation for all hours worked, but not paid, during the applicable recovery period, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code §§ 203 and 226.

53.    In violation of California law, AMN has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the Unpaid Time Class for all wages earned and all hours worked. As a direct result, they have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such unpaid wages, incurred expenses and attorneys' fees in seeking to compel AMN to fully perform its obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

54.    AMN's conduct described herein violates Labor Code § 200, 223, 226, 500, 1197 and 1198, and the Applicable Wage Orders. Therefore, pursuant to Labor Code §§ 203, 218.5, 226, 558, 1194 and 1194.2, Plaintiff and the Unpaid Time Class are entitled to recover damages for the nonpayment of wages of all hours worked in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### [FAILURE TO PAY OVERTIME]

**(Plaintiff, the Per Diem and Unpaid Time Classes Against AMN and Does 1-20)**

55.     Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

56.     Pursuant to Labor Code §§ 200, 226, 500, 510 and 1198 and the Applicable Wage Orders at all times relevant hereto, AMN was required to compensate Plaintiff, the Per Diem and Unpaid Time Classes for all overtime hours worked, which is calculated at one and one-half times the regular rate of pay for all hours worked in excess of 8 hours per day and/or 40 hours per week. AMN was also required to compensate Plaintiff and Per Diem and Unpaid Time Classes for all hours worked in excess of 12 hours in any workday at double their regular rate of pay.

57.     Plaintiff and Per Diem and Unpaid Time Classes are non-exempt employees entitled to the protections of the Applicable Wage Orders, and Labor Code §§ 200, 226, 500, 510, and 1198.

58.     Throughout their employment with AMN, Plaintiff, the Per Diem and Unpaid Time Classes worked in excess of 8 hours in a workday, 12 hours in a workday, and/or 40 hours in a workweek, however, AMN failed to properly compensate them for overtime and/or double-time hours worked as required under the aforementioned laws.

59.     As a result of AMN's failure to include the value of per diem payments, including, but not limited to, lodging, meals and incidentals payments, whether paid in cash or in kind, in its employees' regular rates of pay for purposes of calculating overtime and double-time pay, and as the result of AMN's failure to pay for all hours worked, Plaintiff, the Per Diem and the Unpaid Time Classes were not paid all the overtime and/or double-time payments legally owed to them.

60.     As a direct result of aforementioned violations, Plaintiff, the Per Diem and Unpaid Time Classes have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel AMN to fully perform its obligations under state law, all to their respective

damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

61. Pursuant to Labor Code § 200, 203, 218.5, 226, 558, and 1194, Plaintiff, the Per Diem and Unpaid Time Classes are entitled to recover owed overtime and double-time compensation from AMN and civil penalties, plus interest penalties, attorney's fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### [FAILURE TO PAY MINIMUM WAGE]

**(Plaintiff and the Unpaid Time Class Against AMN and Does 1-20)**

62. Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

63. Pursuant to Labor Code §§ 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the Applicable Wage Orders.

64. Pursuant to the Applicable Wage Orders "hours worked" include "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so".

65. At all times relevant hereto, Plaintiff and the Unpaid Time Class suffered, were permitted, and required to perform work for which they received no pay. As a direct and proximate result of AMN's failure to pay Plaintiff and the Unpaid Time Class, they have been damaged in the amount of the owed minimum wages.

66. Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff and the Unpaid Time Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest and attorney's fees, all in a total amount subject to proof at time of trial.

67. The aforementioned acts by AMN were undertaken with the intention of depriving Plaintiff and the Unpaid Time Class of their property and/or legal rights and causing injury to them.

CLASS ACTION COMPLAINT

16

## FIFTH CAUSE OF ACTION

### [FAILURE TO AUTHORIZE OR PERMIT MEAL BREAKS]

### (Plaintiff and the Meal Break Class Against AMN and Does 1-20)

68.     Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

69.     Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

70.     Labor Code § 512(a) provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

71.     Throughout their employment with AMN, Plaintiff and the Meal Break Class regularly worked in excess of 5-hour work periods without being authorize and/or permitted to take a lawful meal break, as required by Labor Code §§ 226.7, 512, and the Applicable Wage Orders.

72.     Throughout their employment with AMN, Plaintiff and the Meal Break Class also waived one of their meal breaks when they worked in excess of 8 hours without being authorized and/or permitted to take another lawful meal break in violation of Subsection 11(D) of the Applicable Wage Orders.

73.     Throughout their employment with AMN, AMN failed to pay Plaintiff and the Meal Break Class premium wages mandated by Labor Code § 226.7(b) for these unlawful meal

breaks. As a result of violations of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders, AMN is liable for civil penalties pursuant to Labor Code §§ 558 and 2698 et seq.

74. Plaintiff and the Meal Break Class are entitled to recover one additional hour of pay at their regular rate of compensation with AMN for each work day that a meal period was not authorized and/or permitted. Plaintiff and the Meal Break Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## SIXTH CAUSE OF ACTION

### [FAILURE TO FURNISH ACCURATE WAGE STATEMENTS]

### (Plaintiff and the Classes Against Defendants and Does 1-20)

75. Plaintiff hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

76. This claim is brought under Labor Code § 226(a), which sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or her employees an itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned, (4) all applicable hourly rates in effect during the pay period, (5) the corresponding number of hours worked at each hourly rate, and (6) the name and address of the legal entity that is the employer.

77. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

78. Defendants knowingly and intentionally failed to provide Plaintiff and the Classes with paycheck deduction statements accurately displaying the information required by Labor Code § 226(a).

79.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff and the Classes are each entitled to a civil penalty of $50 for the initial pay period and $100 for each subsequent pay period in which Defendants violated the reporting requirements of Labor Code § 226, up to a maximum of $4,000. Additionally, under Labor Code § 226.3, Defendants are subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required under Labor Code § 226(a).

### SEVENTH CAUSE OF ACTION

### [WAITING TIME PENALTIES]

**(Plaintiff and the Classes Against Defendants and Does 1-20)**

71.     Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

72.     Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

73.     Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

74.     During all relevant times hereto, Plaintiff and numerous members in the Classes employed have separated from Defendants as a result of being discharged or having voluntarily resigned their employment.

75.     While employed by Defendants, these employees were entitled to compensation for the violations set forth in this Complaint. Defendants failed to pay all wages due to the Plaintiff and the members of the Classes who separated from Defendants, by failing to pay for, among other things, reporting time, all hours worked, overtime and double-time, and premium wages for unlawful meal breaks. Defendants are required to compensate these employees for all

their unpaid wages earned and an additional penalty equal to the daily earnings of such employees up to an amount equal to those owed for 30 days of work.

## EIGHTH CAUSE OF ACTION

## [UNFAIR BUSINESS PRACTICES]

### (By Plaintiff and the Classes Against Defendants and Does 1-20)

76.     Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

77.     Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this Complaint by requiring their drivers and other non-exempt employees to perform the labor complained of herein without proper compensation. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over their competitors.

78.     Plaintiff and the Classes seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

79.     Plaintiff and the Classes seek, on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

80.     Upon information and belief, Plaintiff alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by Business and Professions Code § 17200 et seq., including those set forth in the Complaint herein, thereby depriving Plaintiff and the Classes, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the applicable Wage Orders as specifically described herein.

81.     Plaintiff and the Classes are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such

misconduct unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury in that Defendants will continue to violate these California laws, represented by labor statutes and the wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff and the Classes have no other adequate remedy at law to insure future compliance with the California labor laws and the Applicable Wage Orders alleged to have been violated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

1.     Certification of this action as a class action on behalf of each of the classes alleged in this Complaint;

2.     For general damages, according to proof, on each cause of action for which such damages are available;

3.     For compensatory damages, according to proof, on each cause of action for which such damages are available;

4.     For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

5.     For declaratory and injunctive relief as requested herein;

6.      For prejudgment and post-judgment interest according to law;

7.     For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

8.     For costs of suit incurred in this action;

9.     Disgorgement of all gains unjustly gained by Defendants; and

10.    Any other remedies, whether in law or equity, that the Court deems properly.

Dated: April 25, 2019                    Respectfully submitted,


                                         SHAKOURI LAW FIRM

                                         KOUL LAW FIRM


                                         By: _Ashkan Shakouri_____
                                             Ashkan Shakouri
                                             Nazo Koulloukian
                                             Attorneys for Plaintiff and the Proposed
                                             Classes


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.


Dated: April 25, 2019                    Respectfully submitted,

                                         SHAKOURI LAW FIRM

                                         KOUL LAW FIRM


                                         By: _Ashkan Shakouri_____
                                             Ashkan Shakouri
                                             Nazo Koulloukian
                                             Attorneys for Plaintiff and the Proposed
                                             Classes

Original

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Nazo Koulloukian, Esq. [SBN 263809]
Koul Law Firm - 3435 Wilshire Blvd., Ste. 1710, Los Angeles, CA 90010
Ashkan Shakouri, Esq. [SBN 242072]
Shakouri Law Firm - 11601 Wilshire Blvd., Fifth Floor, Los Angeles, CA 90025
TELEPHONE NO.: (213) 761-5484    FAX NO.: (818) 561-3938
ATTORNEY FOR (Name): Plaintiff Woehrle and the Proposed Classes

**FILED**
Superior Court of California
County of Los Angeles

**MAY 02 2019**

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Isaac Loyo

**BY FAX**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

CASE NAME:
Woehrle  v. AMN Services, LLC et. al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited   ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **19STCV15213**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): Eight (8)
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 1, 2019
Nazo Koulloukian
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Original    **BY FAX**

| SHORT TITLE: Woehrle v. AMN Services, LLC et. al | CASE NUMBER **19STCV15213** |

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Woehrle v. AMN Services, LLC et. al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Woehrle v. AMN Services, LLC et. al | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Woehrle  v. AMN Services, LLC et. al | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4.   5. ☐ 6. ☐ 7. ☐ 8.   9.   10. ☐ 11. | ADDRESS:<br>Providence Little Company of Mary Medical Center Torrance<br>4101 Torrance Blvd<br>Torrance, CA 90503 |
|---|---|

| CITY: Torrance | STATE: CA | ZIP CODE: 90503 | |
|---|---|---|---|

**Step 5:  Certification of Assignment:**  I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 1, 2019 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**05/02/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Isaac Lovo_____ Deputy

</td></tr>
<tr><td>

**Your case is assigned for all purposes to the judicial officer indicated below.**

</td><td colspan="2">

CASE NUMBER:

19STCV15213

</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Daniel J. Buckley | 1 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  05/02/2019_____
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Isaac Lovo_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 1

**19STCV15213**                                                      May 28, 2019
**SARA WOEHRLE vs AMN SERVICES, LLC**                                      3:16 PM

Judge: Honorable Daniel J. Buckley          CSR: None
Judicial Assistant: M. Mata                 ERM: None
Courtroom Assistant: E. Munoz               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/02/2019 at 09:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of

Minute Order                                                        Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

**19STCV15213**                                                        May 28, 2019
**SARA WOEHRLE vs AMN SERVICES, LLC**                                    3:16 PM

Judge: Honorable Daniel J. Buckley          CSR: None
Judicial Assistant: M. Mata                 ERM: None
Courtroom Assistant: E. Munoz               Deputy Sheriff: None

---

service.

Certificate of Mailing is attached.

---

# EXHIBIT C

FILED
Superior Court of California
County of Los Angeles

MAY 2 6 2019

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY _____ Deputy
MARIBEL MATA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

SARA WOEHRLE,

        Plaintiff,

vs.

AMN SERVICES, LLC.,

        Defendant

Case No.: 19STCV15213

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

This case has been assigned for all purposes to Judge Daniel J. Buckley in the Complex Litigation Program. **An Initial Status Conference is set for 8/2/2019, at 9:00 a.m., in Department 1 located in the Spring Street Courthouse, at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.** Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 1

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. PARTIES, COUNSEL AND ISSUES: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information. Provide a short summary of plaintiff's causes of actions and contentions and, if possible, defendant's defenses.

2. POTENTIAL ADDITIONAL PARTIES: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain.

4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 2

5.      ESTIMATED CLASS SIZE:  Please discuss and indicate the estimated class size.

6.      OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

7.      POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:  Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

8.      POTENTIAL EARLY CRUCIAL MOTIONS:  Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

9.      CLASS CONTACT INFORMATION:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 3

10.    PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11.    DISCOVERY: Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.

12.    INSURANCE COVERAGE: Please state if there is insurance for indemnity or reimbursement.

13.    ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14.    TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 4

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

15.    ELECTRONIC SERVICE OF PAPERS:  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  The parties are free to choose one of the services shown below:

- Case Anywhere (http://www.caseanywhere.com).  While the parties are free to choose any of the three approved services, Department 1 prefers Case Anywhere.

- File & Serve Xpress (https://secure.fileandservexpress.com) or

- CaseHomePage (http://www.casehomepage.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

16.    REMINDER WHEN SEEKING TO DISMISS OR TO OBTAIN SETTLEMENT APPROVAL:

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 5

consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17.    STAY OF PROCEEDINGS. Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

18.    SERVICE OF THIS ORDER. Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 6

been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated: 5/28/2019

Daniel J. Buckley
Judge of the Superior Court

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 7

# EXHIBIT D

# CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 19STCV15213

SARA WOEHRLE VS AMN SERVICES, LLC

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 05/02/2019
**Case Type:** Other Employment Complaint Case (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**08/02/2019** at 09:00 AM in Department 1 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

AMN SERVICES LLC - Defendant

KOULLOUKIAN NAZO - Attorney for Plaintiff

PROVIDENCE HEALTH SYSTEM - SOUTHERN CALIFORNIA - Defendant

WOEHRLE SARA - Plaintiff

# DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**05/28/2019** Initial Status Conference Order
Filed by Clerk

**05/28/2019** Certificate of Mailing for (Minute Order (Court Order) of 05/28/2019 and Initial Status Conference Order)
Filed by Clerk

**05/28/2019** Minute Order ( (Court Order))
Filed by Clerk

**05/02/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/02/2019** Summons (on Complaint)
Filed by Clerk

**05/02/2019** Civil Case Cover Sheet
Filed by Sara Woehrle (Plaintiff)

**05/02/2019** Complaint
Filed by Sara Woehrle (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**05/28/2019** at 3:16 PM in Department 1, Daniel J. Buckley, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**05/28/2019** at 3:16 PM in Department 1, Daniel J. Buckley, Presiding
Court Order

**05/28/2019** Certificate of Mailing for (Minute Order (Court Order) of 05/28/2019 and Initial Status Conference Order)
Filed by Clerk

**05/28/2019** Minute Order ( (Court Order))
Filed by Clerk

**05/28/2019** Initial Status Conference Order
Filed by Clerk

**05/02/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/02/2019** Civil Case Cover Sheet
Filed by Sara Woehrle (Plaintiff)

**05/02/2019** Complaint
Filed by Sara Woehrle (Plaintiff)

**05/02/2019** Summons (on Complaint)
Filed by Clerk